FRANKLIN A. REECE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANKLIN A. REECE AND M. TERESA REECE, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Dockets Nos. 50107, 50123. Filed May 12, 1955.

*Melville F. Weston, Esq.*, for the petitioners.
*Jack H. Calechman, Esq.*, for the respondent.

190

OPINION.

JOHNSON, *Judge:* The rule of law governing the issue here is aptly stated, supported by numerous authorities there cited, in *William Ernest Seatree*, 25 B. T. A. 396, affd. 72 F. 2d 67, as follows:

> It is well settled that an assignment of income does not relieve the assignor of the tax thereon, but that if property or property rights are assigned the income subsequently arising therefrom is not taxable to the assignor, for the reason that the property no longer belongs to him and therefore the income from such property belongs, not to him, but to the new owner.

Subsequent decisions of this and other courts have likewise so held, some of which are cited in petitioner's brief, among them being *John F. Canning*, 29 B. T. A. 99; *Julius E. Lilienfeld*, 35 B. T. A. 391; *Carl G. Dreymann*, 11 T. C. 153; and *Nelson* v. *Ferguson*, 56 F. 2d 121.

Respondent on brief argues that petitioner's—

> assignment to his wife amounted to nothing more than a direction to pay royalties to her, an anticipatory assignment of his future income. The income having been earned by Mr. Reece, it is taxable to him.

With this conclusion we cannot agree. The assignment in question was more than a direction to pay royalties or an anticipatory

assignment of future income. The assignment was an absolute conveyance of property and property rights and carried with it the ownership of the property conveyed.

The payments in question were not for personal services performed by petitioner. He was never in the employ of Universal. As was said in *Carl G. Dreymann, supra,* the payments here were more than mere "royalty" payments, "they were part of the periodic payments which constituted the purchase price of the invention." See also *Kimble Glass Co.*, 9 T. C. 183, which holds that the sale of a patent was a sale of personal property; *Commissioner* v. *Celanese Corporation*, 140 F. 2d 339, affirming Tax Court Memorandum Opinion entered January 27, 1943.

The payments here were proceeds derived from the sale of the patent which was income-producing property. It logically follows that the assignment of the contract for the sale of the patent and the purchase price to be paid therefor was a transfer of property rights, and payments made thereunder belong to the donee and not to the donor and are not taxable to the latter.

The validity of the assignment was not questioned.

Petitioner treated the assignment as a gift of property and paid a gift tax thereon at a valuation of $57,819.10.

Respondent's concession that the amounts paid Teresa by Universal were gains from the sale of a capital asset rather than ordinary income tends to contradict respondent's contention that property was not transferred, but "merely an assignment of future income."

We hold that the payments in question were not taxable to petitioner.

*Decisions will be entered under Rule 50.*